IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:23-CV-009-FL

| | |
|---|---|
| MAURKICE DOCK FOYE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MATTHEW F. LASSITER and ROBESON ) | ORDER |
| COUNTY SHERIFF'S OFFICE; ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on plaintiff's motion for default judgment, (DE 6); motions for certain disclosures and evidence, (DE 10-14, 16, 19), which the court construes as motions to compel under Fed. R. Civ. P. 37(a); and motion for speedy trial, (DE 20).

Plaintiff commenced this action pro se by undated complaint in the Superior Court of Robeson County, North Carolina, alleging civil rights and first amendment violations. Defendants removed to this court January 17, 2023 on the basis of federal question jurisdiction.

Beginning with plaintiff's motion for default judgment, the clerk enters default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55. Defendants removed the action to this court January 17, 2023; counsel entered appearance for defendants on January 18, 2023, and defendants filed answer on January 24, 2023. Defendants have not, therefore, failed to plead or otherwise defend. Accordingly, plaintiff's motion for default judgment must be denied.

1

Turning to plaintiff's motions for disclosures and other evidence, Fed. R. Civ. P. 37 provides that a party may move for an order compelling disclosure or discovery <u>following</u> the failure of an opposing party to make disclosures pursuant to Rule 26(a) or to provide appropriate responses under other rules governing discovery. <u>See</u> Fed. R. Civ. P. 37(a)(3). Pursuant to the court's January 30, 2023 order, the parties were required to conduct a Rule 26(f) conference no later than February 20, 2023 and shall file a joint report and plan within 14 days of the conference. (DE 18). Where the deadline for filing such report has not elapsed, and no case management order, which governs timelines for discovery, has issued from this court, any motion purporting to compel discovery responses is premature. Accordingly, plaintiff's motions to compel must be denied as untimely.

Plaintiff's most recent motion asks the court "to impose the strictest and tightest guideline in regards to how long each party has to come up with evidence and to try to resolve this case through another agreed upon method." (DE 20). The court's January 30, 2023, order instructed the parties to propose discovery deadlines, discuss the possibility of settlement, and disclose scheduling issues. (<u>See</u> <u>id.</u>) Accordingly, plaintiff's requests should be presented in the form of a joint report and plan, or, "[i]f the parties have made a good faith attempt to confer and submit a joint discovery plan, but have been unable to do so," a separate plan filed within the allotted time period. (<u>Id.</u>). Therefore, plaintiff's most recent motion must also be denied as untimely.

Accordingly, plaintiff's motions at DE 6, 10, 11, 12, 13, 14, 16, 19, and 20 are DENIED.

SO ORDERED, this the 1st day of March, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

2

Case 7:23-cv-00009-FL   Document 22   Filed 03/01/23   Page 2 of 2